**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl Lynne Bell, | No. CV-23-00390-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Cheryl Lynne Bell seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits under 42 U.S.C §§ 416(i) and 423(d) of the Social Security Act, 42 U.S.C. §§ 301–2113.  Because the Administrative Law Judge ("ALJ") erred in applying the proper analysis in step two, the ALJ's decision is reversed and remanded for further proceedings.

**I.    BACKGROUND**

Plaintiff was born on July 1966.  She has a high school diploma and some college education.  Plaintiff alleges the following impairments: lupus, insomnia, depression, anxiety, vertigo, hearing loss, balance issues, edema, and pain.  Her past job history is waitress/server. (Docs. 10-4 at 3–4; 10-6 at 2–3; 10-7 at 6–8).

On March 19, 2020, Plaintiff applied for disability insurance alleging disability beginning October 15, 2019.  (Doc. 10-3 at 15).  The claim was initially denied on July 8,

2020, and upon reconsideration on October 6, 2020. On July 28, 2021, a telephonic hearing was held. Plaintiff confirmed her previous agreement to appear telephonically and testify before the ALJ. The ALJ informed Plaintiff of her right to representation, which she voluntarily waived on the record. A vocational expert and Plaintiff's sister, Dagney Hein, also testified. On November 30, 2021, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id*.). The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. (*Id*. at 2). On March 6, 2023, Plaintiff sought review by this Court. (Doc. 1).

## II.   STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). "[O]nly issues [that] are argued specifically and distinctly in a party's opening brief" are reviewed. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Failure to do so will only be excused when necessary to avoid a manifest injustice. *Id*.

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005)). It is "relevant evidence [that] a reasonable [person] might accept as adequate to support a conclusion" considering the record as a whole. *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Generally, when the

evidence is susceptible to more than one rational interpretation, courts "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is 'highly deferential.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).

## III.  FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).[1]

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025, and that she has not engaged in substantial gainful activity since October 15, 2019.  At step two, the ALJ found that Plaintiff has the following medically determinable impairments: nosebleed, lupus, hearing loss, depression, anxiety, foot and joint pain, herpes, and obesity.  (Doc. 10-3 at 18). Further at step two, the ALJ found that Plaintiff does not have an impairment, or combination of impairments, that is severe.  (*Id.* at 15–21).  Accordingly, the ALJ found that Plaintiff has not been under a disability as defined by the Social Security Act.  (*Id.* at 22).

---

[1] At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment.  *Id.* § 404.1520(a)(4)(ii).  If not, the claimant is not disabled and the inquiry ends.  *Id.*  At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.  *Id.* § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to be disabled.  *Id.*  If not, the ALJ proceeds to step four. *See id.*  At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work.  *Id.* § 404.1520(a)(4)(iv).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience.  *Id.* § 404.1520(a)(4)(v).  If so, the claimant is not disabled.  *Id.*  If not, the claimant is disabled.  *Id.*

## IV.    ANALYSIS

### A.    The ALJ Erred by Determining Plaintiff's Impairments Were not Severe.

Plaintiff contends that the ALJ committed legal error at step two by determining none of her impairments, singly or in combination, were severe. An ALJ may find an impairment not severe "only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Wick v. Barnhart*, 173 Fed. Appx. 597, 600 (9th Cir. 2006) (quoting *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)); *see also* 20 C.F.R. § 404.1522(a). If none of the plaintiff's impairments are severe, then she is not disabled. 20 C.F.R. 404.1520(c). Further, a plaintiff's impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." *Id.* § 404.1509; 404.1520(a)(4)(ii).

The severity determination at step two is a "threshold showing." *Bowen v. Yuckert*, 482 U.S. 137, 147 (1987). As such, step two's severity determination is focused on "identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Id.* at 153. As such, the step two determination is de minimis in nature, and "properly denying a claim at step two requires an unambiguous record showing only minimal limitations." *Glanden v. Kijakazi*, 86 F.4th 838, 843–44 (9th Cir. 2023) ("[N]ine other circuits have also announced that they view step two as requiring no more than a de minimis showing.") (citations omitted); *Bowen*, 482 U.S. at 154.

The ALJ erred in finding that Plaintiff did not have any severe impairments. Plaintiff challenges the ALJ's "failure to consider the 'entire case record,' thereby engaging in impermissible cherrypicking from and mischaracterization of the record evidence." (Doc. 13 at 11 (citations omitted)). Plaintiff pinpoints the ALJ's analysis of three impairments: poor balance/gait, hearing loss, and depression. (*Id.* at 11–14).

As to Plaintiff's balance/gait, Dr. Palmer's report did indicate that Plaintiff had minor unsteadiness in heel walking, moderate to marked unsteadiness in tandem walking,

and minor–mild wavering in Romberg testing. (Doc. 10-8 at 68). Dr. Palmer stated that Plaintiff can never climb ropes, ladders, or scaffolds, and can only occasionally climb stairs or ramps. (*Id.* at 73). However, Dr. Palmer's report also stated that the Plaintiff has no limitations in standing or walking. (*Id.* at 72). Accordingly, the record contains conflicting evidence as to the severity of Plaintiff's balance/gait impairments. The record also includes medical evidence clearly indicating that Plaintiff had profound hearing loss in her left ear. (Doc. 10-8 at 15, 67, 72–73). This evidence is sufficient to constitute a threshold showing of possible severity in combination. While there is at least some evidence that this impairment may be treatable or reversible, such a prognosis is, at most, implied. Thus, the severity and permanence of Plaintiff's hearing loss is insufficiently rebutted at the ALJ's stage two analysis and requires a deeper treatment. Because the record is unclear as to the severity of Plaintiff's balance/gait and hearing loss, the ALJ erred in denying Plaintiff's benefits at step two.

In sum, the ALJ erred in finding that Plaintiff was not disabled at step two because Plaintiff met step two's de minimis standard as to at least several impairments.

## V.    CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case and enter judgment accordingly.

Dated this 17th day of July, 2024.

_____
G. Murray Snow
Chief United States District Judge